**\*E-FILED 7/17/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID DAY,<br><br>    Plaintiff,<br><br>  v.<br><br>SBC DISABILITY INCOME PLAN,<br><br>    Defendant.<br>_____/ | NO. C 06-1740 JW (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

## I. INTRODUCTION

Plaintiff David Day, as the prevailing party, moves for an award of attorney's fees from defendant SBC Disability Income Plan ("ATT"), and the parties have consented to a resolution of that issue by this Court. Upon consideration of the materials submitted by the parties, as well as the oral argument of counsel, Day's motion for attorney's fees is granted in part and denied in part, with Day receiving an award of fees in the amount of $107,955.

## II. BACKGROUND

Day brought this case pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") challenging ATT's denial of payment of long-term disability benefits. On March 21, 2008, the court denied ATT's motion for summary judgment, but granted in part and denied in part Day's motion for summary judgment. The case was remanded for the plan administrator's reconsideration.

During the course of the filing of a complaint, mediation, and cross-motions for summary judgment, Day substituted counsel. His initial attorneys, Melvyn Silver and Ruth Silver Taube

1

1 represented Day through mediation, and Day's current counsel, Robert Nichols, assumed
2 representation thereafter. Day's prior counsel and current counsel both submitted applications for
3 attorney's fees.[1] For 334.1 hours of work, Nichols seeks attorney's fees ranging from $150,354 at
4 $450 per hour, $167,050 at $500 per hour, or $183,755 at $550 per hour.[2] Only the fees charged by
5 Nichols remain at issue.

### III. DISCUSSION

#### A. Reasonable Attorney's Fees and Lodestar

ERISA, under 29 U.S.C. § 1132(g)(1), allows "courts to award 'reasonable' attorney's fees and costs to either party." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). If ERISA plaintiffs succeed on any significant issue in litigation which achieves any benefit sought in bringing suit, they are entitled to reasonable attorney's fees. *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984). If a party is entitled to fees, the court must then determine what fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If it is evident from the district court's order that plaintiff prevailed, it is unnecessary to engage in a discussion of the factors presented in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980).[3] *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001). Here, it is uncontested that Nichols is entitled to an award of attorney's fees.

---

[1] ATT agreed to pay the $33,660 in attorney's fees for 84.2 hours of work that Silver and Taube sought. Thus, this issue is no longer in dispute.

[2] Nichols also sought fees for 50.6 hours of paralegal and clerical work and $3,232 for doctor's fees. At the hearing on June 25, 2008, however, Nichols waived these fees.

[3] In *Hummell*, the Ninth Circuit ruled that courts should consider:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

634 F.2d at 453. No one factor "is necessarily decisive, and some may not be pertinent in a given case." *Smith*, 746 F.2d at 590 (citation and quotations omitted).

Courts utilize a two-step hybrid lodestar/multiplier approach to calculate attorney's fees under § 1132(g)(1). *Welch*, 480 F.3d at 945. First, the court must determine the number of hours reasonably expended and a reasonable hourly rate, considering the attorney's experience, reputation, and skill. *Id*. at 945-46. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and rates claimed." *Id.* The court will exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433. The court then multiplies the number hours expended by the hourly rate to establish a lodestar. *Welch*, 480 F.3d at 945. Second, in rare cases, "the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Id*. at 946. Such an exceptional and rare case justifying a lodestar multiplier must be supported with specific evidence on the record and detailed findings from the lower courts that the loadstar amount is unreasonably low or unreasonably high. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

B.   Lodestar Hourly Rate

In applying the lodestar, the rates of attorneys practicing in the forum district are used to determine the prevailing market rate. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Nichols was admitted to the Louisiana State Bar in 1972, and has worked on ERISA cases continuously since 1981. Nichols submitted numerous declarations to establish the reasonable hourly rate for an attorney with his experience level. Declarations describe attorneys of comparable skill with hourly rates between $350 and $550. The declarations provide $500 per hour as a reasonable market rate for Nichols' services. However, Nichols states that "[a]t the time I did most of my work for which I am seeking compensation herein, I was charging $400 per hour to hourly clients." Nichols Decl., ¶ 6. ATT provides that it will not contest a $450 per hour rate. Taking into account Nichols' $400 rate during most of this case, ATT's proposed $450 rate, and the current market rate of $500, a $450 per hour rate is a reasonable market rate. Accordingly, the lodestar hourly rate is $450 per hour.

C.   Lodestar Hours Reasonably Expended

1   ATT contends that Nichols' billed hours are excessive and unreasonable when viewed against
2   similar cases. Nichols claims he worked 334.1 hours to review documents and prepare briefs for
3   summary judgment. By comparison, in *Mitchell v. Metro. Life Ins. Co.*, No. CV 05-00810 DDP,
4   2008 WL 1749473, at *4 (C.D. Cal. April 7, 2008), the court found that the ERISA attorneys worked
5   232.6 hours, for all trial proceedings including the bench trial. In *Joas v. Reliance Std. Life Ins. Co.*,
6   No. 03CV850 WQH, 2008 WL 1859998, at *1, 4 (S.D. Cal. April 22, 2008), the court reduced the
7   ERISA attorneys' number of hours to 263.8 for cross-motions for summary judgment and an appeal.
8   In *King v. Cigna Corp.*, No. C 06-7025 CW, 2007 WL 4365504, at *1, 6 (N.D. Cal. Dec. 13, 2007),
9   the court determined that the ERISA attorneys worked 223.4 hours for a motion for summary
10  judgment.[4] These recent cases, which all bill under Nichols' 334.1 hours, make his hours seem
11  excessive.

12  ATT also argues that Nichols' billed hours are excessive and unreasonable considering the
13  amount of time Silver and Taube spent performing similar tasks. ATT believes 334.1 hours for
14  cross-motions for summary judgment are unreasonable when compared with Silver and Taube's 84.2
15  hours billed for compiling all the physical evidence pertaining to Day's claim, preparing a mediation
16  brief, and conducting mediation. First, Nichols spent 29.55 hours reviewing and analyzing
17  documents while Silver and Taube spent 15.5 hours reviewing and analyzing the same documents.
18  Nichols then spent 92.1 hours preparing the twenty-five page motion for summary judgment while
19  Silver and Taube spent 37.5 hours preparing the forty-one page mediation brief. Finally, Nichols
20  spent 114.35 hours drafting a response to ATT's motion for summary judgment, and 64.8 hours
21  drafting a reply. This represents 300.8 hours billed for the summary judgment motion and the hours
22  reviewing and analyzing documents.

23  In view of the fact that: (1) the attorneys in *Mitchell*, *Joas*, and *King* spent an average of
24  239.9 hours dealing with similar ERISA issues;[5] (2) a lengthy mediation brief was prepared; and (3)

---

[4]   While the *King* court does not present what the final lodestar hourly rate is, the Court determined the 223.4 hours by dividing the $100,565 award of attorney's fees by the $450 hourly rate for the lead attorney. 2007 WL 4365504, at *3, 6.

[5]   *Mitchell*'s 232.6 hours plus *Joas*' 263.8 hours plus *King*'s 223.4 hours, divided by three, equals an average of 239.9 hours.

4

it is unclear why it took Nichols almost twice as much time to review the same documents as Silver and Taube, the billable hours are excessive and will be reduced to 239.9 hours. Normally courts reduce hours for attorney's fees incurred while a new counsel reviews documents, but the Court will not do so here. *See Entral Group Int'l, LLC v. New York One Cafe, Inc.*, No. 05-CV-1655 (CPS), 2007 WL 869587, at *10 (E.D.N.Y. March 20, 2007) (finding that "fees incurred because a change in counsel requires new counsel 'to get up to speed' are not appropriately passed on to a defendant"). The Court will only reduce Nichols' hours to 239.9, the average hours spent in the *Mitchell*, *Joas*, and *King* cases. Not reducing the hours further reflects: (1) the relative complexity of the ERISA issues involved as indicated by the summary judgment briefing; (2) the fact that several briefs were involved in the cross-motions for summary judgment; and (3) the change in the standard of review under ERISA during the pendency of this case as reflected in *Abatie v. Alta Health & Life Ins Co.*, 458 F.3d 955, 971-72 (9th Cir. 2006). The 239.9 hours represent a fair estimate of the reasonable amount of time an attorney with Nichols' experience would spend preparing a motion for summary judgment and reviewing the record.[6]

---

[6] Nichols' use of block billing further supports the reduction of his billed hours reflected above. Nichols' briefs and declarations in support of his request for fees provide scant detail on the amount of time billed related to particular projects. Unfortunately, some of his entries on his billing statement lack sufficient detail because he lumps together multiple tasks. For example, in one entry for 1.7 hours, Nichols writes: "Proposed Stipulation and Proposed Order to Amend Scheduling Order; Review case management order, relief from ADR order, and scheduling order; 2 phone calls with Ms. Caroline Elkin; 4 emails to Elkin/Harris with copies to Mel Silver[.]" *See* Nichols Decl. As ATT points out, a block format bill "makes it more difficult to determine how much time was spent on particular activities." *Welch*, 480 F.3d at 948. "[A] district court may properly impose a reduction for block billing . . . ." *Id.* Block billing can result in an adjustment from 5% to over 30%. *Darling Int'l, Inc. v. Baywood Partners, Inc.*, No. C-05-3758 EMC, 2007 WL 4532233, at *9 (N.D. Cal. Dec. 19, 2007).

## IV. CONCLUSION

Allowing for the adjustments described above, Nichols will be awarded $107,955 in attorney's fees pursuant to a total lodestar amount of $450 per hour multiplied by 239.9 hours.  No multiplier to the lodestar amount is warranted here for the reasons addressed above.  Accordingly, Day's motion for attorney's fees is granted in part and denied in part.

IT IS SO ORDERED.

Dated: July 17, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
C 06-1740 JW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Caroline Lee Elkin    carolineelkin@paulhastings.com, kareenromano@paulhastings.com, michaelnewman@paulhastings.com

Stephen H. Harris    stephenharris@paulhastings.com, pattyarellano@paulhastings.com

Joseph Al Latham , Jr    allatham@paulhastings.com

Robert Burton Nichols , Jr    nichols@nicholslawgroup.com, sally@nicholslawgroup.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/17/08**                                                       **Richard W. Wieking, Clerk**

                                                                          **By:    Chambers**

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
C 06-1740 JW (RS)

7