IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| David Day, | NO. C 06-01740 JW |
|         Plaintiff,<br>  v.<br>SBC Disability Income Plan,<br>        Defendant. | **ORDER FOLLOWING CASE MANAGEMENT CONFERENCE; REMANDING THE CASE TO THE PLAN ADMINISTRATOR FOR LIMITED DETERMINATION** |

On December 1, 2008, the Court held a Case Management Conference. Counsel for the respective parties were present. In light of the discussion at the Case Management Conference, the Court orders as follows:

(1) **Offset of Long-Term Disability Benefits:** The issue of whether Plaintiff's long-term disability benefits should be offset by Plaintiff's pension benefits is remanded to Defendant's Plan Administrator for a determination of whether Plaintiff's benefits are subject to such an offset pursuant to the terms of the Plan. The Plan Administrator shall make a determination on this issue within **ninety (90) days** of the issuance of this Order. See 29 C.F.R. § 2560.503-1(f).

(2) **COBRA Premium Reimbursement:** Defendant shall reimburse Plaintiff for all COBRA premiums to which he is entitled within **thirty (30) days** of the issuance of this Order. If Plaintiff has not been reimbursed within thirty days, he may notice and file an appropriate motion with the Court.

    (3)    **Prejudgment Interest:** Although the parties have raised this as an issue awaiting the Court's adjudication, at the conference, the parties represented that they will work in good faith to resolve the issue on their own. Accordingly, the Court declines to comment on the prejudgment interest issue at this time. To the extent that the parties are unable to resolve the issue in a timely matter, either party may bring an appropriate motion with the Court.

    (4)    **Travel Restrictions:** Plaintiff seeks a declaration from the Court that the current travel restrictions imposed upon him by the Plan violate the terms of the Plan. The Court declines to address this issue because it is not properly before the Court. Plaintiff may not add claims to this action that are unrelated to the claims of the original operative Complaint for a declaration regarding short-term and long-term disability benefits. Nothing in this Order prevents Plaintiff from filing a separate action for a court to determine whether these travel restrictions are consistent with the Plan.

    (5)    **Attorney Fees:** Following the Plan Administrator's determination of the offset issue on remand, Plaintiff, if he chooses, may notice and file a Motion for Attorney Fees. Any such motion is referred to the assigned Magistrate Judge for a Report and Recommendation.

In light of the remand, the Court sets a Further Case Management Conference on **April 27, 2009 at 10:00 a.m.** On or before **April 17, 2009**, the parties shall file a Joint Case Management Statement. The Statement shall update the Court on the status of the remand and any subsequently resolution by the parties of the issues addressed in this Order.

Dated: December 9, 2008

JAMES WARE
United States District Judge

2

United States District Court
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Caroline Lee Elkin carolineelkin@paulhastings.com
Joseph Al Latham allatham@paulhastings.com
3  Michael S. Newman michaelnewman@paulhastings.com
Robert Burton Nichols nichols@nicholslawgroup.com
4  Stephen Henry Harris stephenharris@paulhastings.com

5

6  **Dated: December 9, 2008**                                **Richard W. Wieking, Clerk**

7

8                                                                                    **By:      /s/ JW Chambers
                                                                                            Elizabeth Garcia
                                                                                            Courtroom Deputy**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28