UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID DAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AT&T DISABILITY INCOME PLAN,<br><br>　　　　Defendant. | Case No.: C 06-1740 JW (PVT)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S SECOND MOTION FOR ATTORNEYS FEES** |

On June 22, 2010, Plaintiff filed a second motion for attorneys fees.[1] District Judge Ware has referred the motion to Magistrate Judge Trumbull for Report and Recommendation (see docket no. 185). Based on the briefs and arguments presented,

IT IS HEREBY RECOMMENDED that the motion be GRANTED IN PART and DENIED IN PART.   For the reasons discussed herein it is recommended that Plaintiff's motion for attorney's fees be granted solely as to work done on the STD remand and denied as to the other fees sought.  It is further recommended that the court amend the judgment to include prejudgment interest at the rate prescribed for post-judgment interest under 28 U.S.C. § 1961.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

IT IS FURTHER RECOMMENDED that Plaintiff's counsel be ordered to submit a supplemental brief showing cause why the attorney's fees for the STD remand should not be set at $17,525 proposed by Defendant, calculated by multiplying 35.05 hours by $500 per hour. (*See* Docket No. 194 at 17:25-28.) (The court notes that $500 per hour is the rate used in the first order awarding Plaintiff attorney's fees). (*See* Docket No. 103).

IT IS FURTHER RECOMMENDED that both sides be ordered to submit supplemental briefing regarding what date the prejudgment interest should begin to run, and what rate was prescribed for post-judgment interest under 28 U.S.C. § 1961 for the period from that date through entry of judgment.

### I.   BACKGROUND

Plaintiff initially sought short term disability ("STD") benefits under the terms of the AT&T Disability Income Plan (the "Plan"). After both the claim and an appeal were denied, Day filed the instant action. After suit was filed the parties attempted to resolve their dispute via private mediation to no avail. Thereafter, Plaintiff substituted in new counsel. The parties then filed cross-motions for summary judgment on the issue of Plaintiff's eligibility for STD benefits. (see Docket Nos. 26 & 32). In ruling on the cross-motions, the court remanded the case to Sedgwick, the claims administrator for the Plan. (*See* Docket No. 68 at 12:12-14.)

On or about June 4, 2008, Sedgwick informed Plaintiff's counsel that the Plan had approved Plaintiff's claim for STD benefits. (*See*, Docket No. 128, Administrative Record ("AR") at 1699).

After the remand, the parties filed a Joint Case Management Conference Statement in which Plaintiff sought a court order declaring that he was disabled throughout the "own occupation" STD period. Plaintiff also requested either 1) reinstatement of his long-term-disability ("LTD") through entry of judgment without further showing; (2) a finding by the court that he remained disabled from any occupation through entry of judgment, or (3) retention of jurisdiction and an additional remand for a determination by the Plan Administrator that he is entitled to LTD benefits through entry of Judgment. (*See* Docket No. 98 at 3:6-11.) In response, Defendant noted that it had solicited an LTD application from Plaintiff, but that Plaintiff had refused and argued he could pursue his claim for LTD benefits in the court. (*See* Docket No. 98 at 7:16-26.) Defendant argued that Plaintiff should

exhaust administrative remedies by submitting the LTD claim to the plan administrator. *Ibid*. Defendant asked the court to stay the case to permit Plaintiff to do so. (*See* Docket No. 98 at 9:22-24.)

On June 17, 2008, the court issued an order in which it noted that Plaintiff's request that the court determine whether he was entitled to LTD was improper because he had not yet filed any request for LTD with the Plan Administrator. (*See* Docket No. 99 at 2:4-5.) The court stayed the case "to permit Plaintiff to proceed through the administrative process with respect to a claim for LTD benefits." (*See* Docket No. 99 at 2:7-8.)

During the stay, by letter dated August 8, 2008, Defendant found Plaintiff eligible for LTD benefits. (*See* Docket No. 108, Exh. 2.) The letter explained that the LTD benefits would be reduced due to offsets from certain other benefits, including pension benefits.

At a Case Management Conference held on December 1, 2008, Plaintiff raised several new issues in this action, including: 1) the offset issue; 2) COBRA premium reimbursement; 3) prejudgment interest; 4) travel restrictions; and 5) attorneys fees. The court remanded the offset issue to the plan administrator, ordered Defendant to reimburse Plaintiff for COBRA premiums to which he is entitled, declined to rule on the prejudgment interest issue pending further meet and confer by the parties, declined to address the travel restrictions because they are not within the scope of the complaint, and postponed any further attorney's fees motion until after the remand on the offset issue. (*See* Docket No. 113.)

On remand, the plan administrator determined that the offset to Plaintiff's LTD benefits should continue under the terms of the Plan. (*See* Docket No. 124, 2:7-9.) The court scheduled cross-motions on the offset issue. (*See* Docket No. 126.) Ultimately the court granted Defendant's motion for summary judgment because the offset did not violate the terms of the Plan, and did not violate Age Discrimination in Employment Act. (*See* Docket No. 169.) The court entered a judgment on June 8, 2010, in which the court ordered "Each party shall bear their own fees and costs."[2]  (*See* Docket No. 170.)

---

[2] While this judgment would appear to preclude the instant motion for attorney's fees, the court construes District Judge Ware's subsequent referral of the motion to this court as an indication he does not intend to deny the motion in its entirety on that basis.

On June 22, 2010, Plaintiff filed the instant motion for attorney's fees.

**II.    DISCUSSION**

It appears from Plaintiff's moving papers that he is seeking fees only for work done during the periods the case was either remanded or stayed for further administrative proceedings. (*See* Docket No. 172 at 1:4-22). Plaintiff was previously awarded $107,955.00 for work done by Attorney Nichols from the time he substituted in as counsel up through the cross-motions for summary judgment that led to the STD remand.[3] (*See* Docket No. 103). Plaintiff concedes he is not seeking any fees in connection with the cross-motions for summary judgment on the offset issue. (*See* Docket No. 172 at 1:2-3[4] & 12:8-10). Thus, all that remains is work done while the case was remanded or stayed.

While the Ninth Circuit has not yet weighed in on this issue, it appears that the "general consensus among other district courts is that hours spent representing a plan participant in a court-ordered remand proceeding are recoverable." *See Langston v. North American Asset Development Corp. Group Disability Langston v. North American Asset Development Corp. Group Disability Plan*, 2010 WL 330085 *4 (N.D.Cal. 2010).[5] Here, there were court-ordered remand proceedings which ultimately led to Plaintiff's success in obtaining STD benefits. Fees for the work done in connection with *those* remand proceedings are thus recoverable. Fees do not appear warranted, however, for work done related to Plaintiff's LTD application and the various ancillary issues.

The court's June 17, 2008 stay of this action did not "order" further administrative proceedings. It merely stayed the case to "permit Plaintiff to proceed through the administrative process with respect to a claim for LTD benefits." (See Dkt #99, 2:7-8.) The fact the court set

---

[3]   Defendant agreed to pay $33,660 in attorneys' fees for 84.2 hours of work done by Plaintiff's original counsel, Silver and Taube, who handled the case for approximately a year, including preparing and filing the complaint and representing Plaintiff at a private mediation. Those fees were *not* part of the $107,955.00 award. (*See* Docket No. 103 at 2:20-21.)

[4]   The second page of Memorandum Supporting Plaintiff Day's Second Motion for Attorney's Fees for Robert Nichols is erroneously labeled "p.1."

[5]   Reconsidered in immaterial respects by *Langston v. North American Asset Development Corp. Group Disability Langston v. North American Asset Development Corp. Group Disability Plan*, 2010 WL 1460201 (N.D.Cal. 2010).

deadlines for any such exhaustion of remedies to occur does not transform the stay into an order that an ERISA plan administrator conduct "*additional* fact finding or proceedings." *See Peterson v. Continental Casualty Co.*, 282 F.3d 112, 122 (2nd Cir. 2002) (emphasis added). The June 17th Order did not order "additional" fact finding or proceedings on Plaintiff's LTD claim; no such proceedings had yet occurred because Plaintiff had not yet applied for LTD benefits.

Although the court did not do so, it could have closed this case after its order after remanding the case for proper determination of Plaintiff's claim for STD benefits, either before or after the plan administrator found Plaintiff eligible for STD benefits on remand. At that point Plaintiff's claim for LTD benefits was not yet ripe because he had not yet exhausted his administrative remedies. *See Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1480 (9th Cir. 1995); and *Sarraf v. Standard Ins. Co.*, 102 F.3d 991, 992 (9th Cir. 1996); *see also, Golden v. Hubbell Inc.*, 343 Fed.Appx. 226 (9th Cir. 2009) (upholding dismissal of action for failure to exhaust administrative remedies under ERISA). The fact the court stayed the case, rather than dismissing the LTD claims for failure to exhaust administrative remedies, should not result in a Plaintiff recovering fees which he would not be entitled to recover if he had properly exhausted his administrative remedies before filing suit for LTD benefits. To hold otherwise would encourage claimants to routinely file suit before exhausting administrative remedies.

The cases cited by Plaintiff do not support a contrary result. For example, in *Hardt*, the plaintiff had properly exhausted her administrative remedies *before* filing an action in court on her claim for LTD benefits (she had received her STD benefits without having to file suit). *See Hardt v. Reliance Standard Life Ins. Co.*, --- U.S. ---, ---; 130 S.Ct. 2149. 2152-53 (May 24, 2010).

Similarly, in *Pannebecker* there was no failure to exhaust administrative remedies. In *Pannebecker* the Ninth Circuit found that, where the plan administrator had arbitrarily terminated the claimant's disability benefits, the district court should have awarded benefits for the period between the improper termination and the date the plan administrator properly terminated the benefits in accordance with the terms of the plan. *See Pannebecker v. Liberty Life Assur. Co. of Boston*, 542 F.3d 1213, 1221-22 (9th Cir. 2008). Here, even if the offset of Plaintiff's pension benefits against his LTD benefits were deemed to be a "termination" of benefits, Judge Ware determined that the offset

did not violate the terms of the Plan.  (*See* Docket No. 169.)  Finally, there is no discussion in *Pannebecker* regarding whether any attorneys fees to be awarded to the plaintiff included work done in the administrative proceedings or should be limited to work done in the court and appellate proceedings.  *See Pannebecker*, 542 F.3d at 1222.

Under all the circumstances of this case, the rationale of *Cann* applies.  Attorneys fees incurred for work done in administrative proceedings that occur while a claimant is exhausting his or her administrative remedies are not recoverable  *See Cann  v. Carpenter's Pension Trust Fund*, 989 F.2d 313, 316-17 (9th Cir. 1993).

No fees should be awarded in connection with the "ancilliary" issues negotiated during the remands and stay.  Defendant cannot be ordered to reimburse Plaintiff for fees incurred for work related to "Medical, Dental, Vision, Life Insurance, phone, [and] COBRA premium reimbursement" (*see* Plaintiff's reply brief at Docket No. 196, 6: 11-12), because the Defendant is Plaintiff's employer's *disability* plan.  Plaintiff has cited no authority for holding a disability benefit plan responsible for attorneys fees incurred in connection with disputes arising under *other* benefit plans sponsored by the employer.  Similarly, Judge Ware has already ruled that the travel restriction issue was not properly before the court in this case.

As to Plaintiff's request for prejudgment interest, it is recommended that the court amend the judgment[6] to include prejudgment interest at the rate prescribed for post-judgment interest under 28 U.S.C. § 1961.  While Plaintiff argues a higher rate is warranted based on his need to withdraw funds from his after-tax IRA, and he claims various rates were being earned in such accounts, his brief contains no cites to declarations to support the claimed rates earned on such accounts.  Thus, Plaintiff has not shown there is sufficient substantial evidence to justify a rate higher than the rate mandated by Section 1961.  *See Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627-28 (9th Cir. 2007).

---

[6] Post-Judgment motions for prejudgment interest are considered amendments to the judgment, and are thus governed by Federal Rule of Civil Procedure 59(e).  *See McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1130-32 (9th Cir. 2004).  (The court notes that the 10 day period for filing a motion for prejudgment interest after entry of judgment was changed to 28 days by the 2009 amendments to Rule 59, and thus Plaintiff's motion was timely.)

### III. CONCLUSION

For all of the foregoing reasons, it is recommended that Plaintiff be awarded attorneys fees solely for work done during the court-ordered remand of Plaintiff's claim for STD benefits. It is further recommended that the court amend the judgment to include an award of prejudgment interest at the rate prescribed for post-judgment interest under 28 U.S.C. § 1961.

Dated:   *11/29/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge